# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cv-158-JDR-JFJ

Johnie D. Downey,

*Petitioner*,

*Versus*

Randy Harding,

*Respondent*.

## OPINION AND ORDER

Petitioner Johnie D. Downey, a self-represented Oklahoma prisoner,[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2254. He claims that he is unlawfully detained under the judgment entered against him in Washington County District Court Case No. CF-2017-333. He further contends that his detention is in violation of his Fourteenth Amendment right to due process because he is Native American, he committed his crime of conviction within Indian country, and the State of Oklahoma therefore lacked jurisdiction to prosecute him. Dkt. 1 at 5-6, 21-22, 37.[2] Respondent Randy Harding moves to dismiss the petition, asserting that Downey did not file within the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Alternatively, Respondent asserts that Downey did not exhaust available state remedies by presenting his claim to the Oklahoma Court of Criminal Appeals, as required by 28 U.S.C. § 2254(b)(1)(A). Downey did not respond to

---

[1] Because Downey appears without counsel, the Court liberally construes his filings. *Childers v. Crow*, 1 F.4th 792, 798 n.3 (10th Cir. 2021).

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

Case No. 24-cv-158

Respondent's motion, and the time to do so has expired.[3] Having considered the petition [Dkt. 1], the motion to dismiss [Dkt. 5] and supporting brief [Dkt. 6], the record of state court proceedings, and applicable law, the Court finds and concludes that Downey's petition is untimely. The Court therefore grants the motion to dismiss and dismisses the petition.[4]

I

State prisoners have one-year to seek federal collateral review of a state-court judgment under 28 U.S.C. § 2254. The limitations period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

---

[3] One week after Respondent moved to dismiss the Petition, Downey filed a motion entitled "Motion to Dismiss Charges in Petition § 2254 Writ of Habeas Corpus pursuant to Federal Rule of Civil Procedure, see LCvR7-1(e), 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2)." Dkt. 7. On preliminary review, the Court directed the Clerk of Court docket this as a motion for judgment on the pleadings. On further review, however, the Court construes this motion as a motion for default judgment. Downey urges this Court to grant the petition, alleging that Respondent did not timely respond. *Id.* at 1. But Respondent's timely motion to dismiss satisfied this Court's directive for Respondent to file either a merits response or a pre-answer motion to dismiss. *See* Dkt. 3. The Court thus denies the motion for default judgment.

[4] Because the Court concludes that the statute of limitations bars relief, the Court does not consider Respondent's alternative argument that Downey failed to exhaust available state remedies.

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(A) provides the most common triggering event for the limitations period, and a petitioner bears some burden to show that a different event triggered that period. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (noting that "[t]he limitations period generally runs from the date on which the state judgment became final after direct appeal" as provided in § 2244(d)(1)(A)); *Chavez v. Workman*, No. 05-CV-0554-HDC-PJC, 2006 WL 2251718, at *3 (N.D. Okla. Aug. 4, 2006) (unpublished)[5] (discussing petitioner's burden to show that the limitations period began at a date other than the date his judgment became final).

Regardless of which event triggers the commencement of the limitations period, that period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Federal courts also may toll the limitations period for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), and may excuse noncompliance with the statute of limitations if the petitioner asserts a credible claim of actual innocence, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

## II

Respondent contends: (1) that the petition is untimely under § 2244(d)(1)(A), even with the benefit of statutory tolling; (2) that Downey has not shown that equitable tolling could extend the limitations period; and (3)

---

[5] The Court cites this unpublished decision, and all other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Case No. 24-cv-158

that Downey's assertion of actual innocence does not support application of *Perkins*'s equitable exception. Dkt. 6, at 10-23. For the reasons discussed next, the Court agrees.

## A

First, Downey's petition is not timely under § 2244(d)(1)(A).[6] Under that provision, the limitations period begins to run on the date that the challenged state-court judgment becomes final. "For petitioners who pursue direct review all the way to [the United States Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Id*.

---

[6] Downey twice asserts that his Fourteenth Amendment claim rests on "newly discovered evidence" that Oklahoma does not have criminal jurisdiction over certain crimes committed by Indians within Indian country. Dkt. 1 at 5, 21. Liberally construing these assertions as suggesting that his limitations period is governed by § 2244(d)(1)(D), the Court agrees with Respondent that Downey has not shown that this provision applies. Dkt. 6 at 11-14. Under § 2244(d)(1)(D), the limitations period begins on the date that a reasonably diligent petitioner could have discovered the factual predicate of his claim, not on the date that the petitioner understands the legal significance of those facts. *See Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. 2014) (unpublished) (explaining that § 2244(d)(1)(D)'s reasonable-diligence requirement is "an 'objective standard' that refers to when a plaintiff 'could have' discovered the pertinent facts, not when she [or he] actually discovered them" (quoting *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012)); *Preston*, 234 F.3d at 1120 (explaining that § 2244(d)(1)(D)'s focus is on the discovery of the factual basis of a claim, not on the discovery of case law favorable to that claim). Nor has Downey alleged any facts showing that either § 2244(d)(1)(B) or (d)(1)(C) applies. The Court thus confines its analysis to determining whether Downey's Indian country jurisdiction claim is timely under § 2244(d)(1)(A). *See Owens v. Whitten*, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022) (noting that case law in this circuit "make[s] clear" that "the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(d)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions").

Case No. 24-cv-158

Downey pleaded guilty to one count of first-degree manslaughter on August 8, 2018. Dkt. 6-1 at 1. The trial court accepted the plea, imposed a term of thirty-five years' imprisonment with all but the first twenty-five years suspended, and advised Downey of his right to appeal. *Id.* at 2-3; Dkt. 6-2 at 6-7. Downey did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review through a certiorari appeal in the OCCA. Dkt. 6-2 at 7-8; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty). Downey's judgment thus became final on August 20, 2018, when the time expired to seek further direct review.[7] *Gonzalez*, 565 U.S. at 150. Downey's one-year limitations period began the next day, August 21, 2018, and would have expired on August 21, 2019. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); Fed. R. Civ. P. 6(a)(1). Absent any tolling events, the petition, filed April 9, 2024,[8] is untimely under § 2244(d)(1)(A).

B

Second, Downey's petition is untimely even with the benefit of statutory tolling. Statutory tolling suspends the one-year limitations period for the "time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that is filed in accordance with all state law procedural filing requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1210-

---

[7] Downey's deadline to move to withdraw his plea was August 18, 2018. But because that was a Saturday, Downey had until Monday, August 20, 2018, to file the motion. Okla. Stat. tit. 12, § 2006A.

[8] The Clerk of Court received the Petition on April 10, 2024. Dkt. 1 at 1. However, evidence in the record shows that Downey placed the Petition in the prison's legal mailing system on April 9, 2024. *Id.* at 17, 40. Applying the inmate filing rule, the Court thus deems the Petition to have been filed on April 9, 2024. *See* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

11 (10th Cir. 2000). An application for state postconviction or other collateral review "remains pending until the application has achieved final resolution through the State's postconviction procedures." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (internal quotation marks omitted) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). But to toll the limitations period, the application must be filed within the applicable one-year period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Downey first applied for postconviction relief on August 7, 2019, and supplemented that application on August 26, 2019, with additional claims, including his Indian country jurisdiction claim. Dkt. 6-2, at 8; Dkt. 6-3; Dkt. 6-4. The state district court denied postconviction relief on October 14, 2019, [Dkt. 6-4], and Downey timely appealed that denial on November 14, 2019. Dkt. 6-5.[9] Nothing in the record indicates that Downey perfected the appeal

---

[9] In the notice of appeal, Downey requested preparation of the record on appeal as required by Rule 5.2(C)(6), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. Dkt. 6-5. Nothing in the state district court docket sheet indicates that the clerk of court fulfilled its duties to prepare an appellate record and file a notice of completion with the OCCA. *See* Rule 5.3(B)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) ("Upon receipt of the Notice of Post-conviction Appeal, the Clerk of the District Court shall compile two certified copies of the record on appeal as defined by Rule 5.2(C)(6), and ensure the Notice of Completion of record is filed with [the OCCA] within thirty (30) days of the filing of the Notice of Post-conviction Appeal, unless an extension is requested by the court clerk and granted by [the OCCA]."). The impact of the court clerk's apparent failure to comply with the OCCA's procedural rules in this case is not clear. Notably, this apparent failure is not unique to this case. *See, e.g.*, *Johnson v. Champion*, 288 F.3d 1215, 1228 (10th Cir. 2002) (concluding that Comanche County District Court "clerk's failure to timely transmit the record to the OCCA" provided cause for habeas petitioner's procedural default of claim because it was "uncontroverted that [the petitioner] filed a timely notice of appeal and designation of record with the state district court clerk," that the petitioner's "action imposed a duty on the clerk to compile certified copies of the record and submit them to the OCCA within thirty days of the state district court's order," and that the court clerk's failure to fulfill that duty prevented the petitioner from complying with his duty to submit a certified copy of the state district court's order); *Robinson v. Whitten*, Case No. 20-cv-0086-GKF-CDL, 2020 WL 7409596, at *15 n.18 (N.D. Okla. Dec. 17, 2020) (unpublished) (noting that the Washington County District Court's "failure to comply with the OCCA's rules resulted in petitioner's unsuccessful four-year

Case No. 24-cv-158

in the OCCA. Dkt. 6 at 9; Dkt. 6-2 at 8-9. Downey again applied for postconviction relief on March 29, 2021, reasserting his Indian country jurisdiction claim. Dkt. 6-6. On the State's motion, the state district court stayed the postconviction proceeding for several months, ultimately denying relief on November 1, 2021. Dkt. 6-2 at 9-11; Dkt. 6-7.[10] Nothing in the record indicates that Downey perfected a postconviction appeal following the denial of his second application for postconviction relief. Dkt. 6 at 18; Dkt. 6-2 at 11.

Respondent contends, and the Court finds, that Downey is entitled to statutory tolling from August 7, 2019, when he filed his first application for postconviction relief, to December 13, 2019, when the time expired for him to perfect a postconviction appeal challenging the denial of that application. Dkt. 6 at 16; *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that "regardless of whether a petitioner actually appeals a denial of a postconviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law" (emphasis in original)). But even with the benefit of statutory tolling for this period, the Petition is not timely. When Downey tolled the limitations period on August 7, 2019, three hundred fifty-one days of his one-year limitations period had

---

quest to obtain review of the claims he raised in his first application for postconviction relief" and reasoning that "[i]t hardly seems equitable to require petitioner's strict compliance with the OCCA's rules when the state district court also failed to comply with those rules"); *cf. Payne v. Kerns*, 467 P.3d 659, 671 (Okla. 2020) (Kauger, J., concurring) (discussing OCCA's rule requiring state district court judge to "prepare a detailed order setting out specific findings of fact and conclusions of law on each proposition for relief presented in the [postconviction] application" and noting that "[f]or almost a year, the District Court of Pottawatomie County failed to comply with both Rule 5.4 and § 1084").

[10] The state district court found that Downey is a member of a federally recognized Native American Tribe and that the crime occurred within the Cherokee Nation Reservation, but denied relief based on the OCCA's holding in *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 688 (Okla. Crim. App. 2021), that defendants cannot obtain postconviction relief on Indian country jurisdiction claims if their convictions were final before the Supreme Court issued its decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020).

already passed. Thus, when the limitations period began to run again, on December 14, 2019, Downey had only fourteen days, or until December 30, 2019,[11] to file a timely habeas petition in federal court. Downey's second application for postconviction relief did not toll the limitations period because he filed it in March 2021, after his limitations period expired. *Clark*, 468 F.3d at 714. Even accounting for statutory tolling, Downey filed the Petition on April 9, 2024, more than four years after his limitations period expired. Thus, unless the limitations period can be extended through equitable tolling or the untimeliness of the Petition can be excused under *Perkins*'s actual-innocence exception, the Petition should be dismissed as barred by the statute of limitations.

C

Third, Downey has not shown that equitable tolling is available or that *Perkins*'s equitable exception applies. A petitioner who seeks equitable tolling bears a "strong burden" to identify specific facts establishing (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a federal habeas petition before the one-year limitations period expired. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Downey has not shown that he diligently pursued his Indian country jurisdiction claim. He first raised that claim when he applied for postconviction relief nearly one year after his conviction became final. As previously noted, the record suggests that Downey's attempt to perfect a postconviction appeal following the denial of his first application for postconviction relief may have been negatively affected by the state district court's apparent failure to prepare and submit the appeal record to the OCCA. *See supra*, n.8. But even assuming this is so, there is no indication in the record that Downey followed

---

[11] The fourteen-day period would have expired on December 28, 2019, a Saturday, so Downey had until December 30, 2019, the following Monday, to file a timely petition. Fed. R. Civ. P. 6(a)(1)(C).

8

Case No. 24-cv-158

up with the state district court or sought leave from the state district court or the OCCA to file a postconviction appeal out of time. Rather, over one year passed before Downey reasserted his Indian country jurisdiction claim in his second application for postconviction relief. And after failing to attempt a postconviction appeal from the state district court's November 1, 2021 order denying that second application, Downey inexplicably waited more than two years to file the Petition. On this record, Downey has not met his burden to show reasonable diligence, a showing that he must make to obtain equitable tolling.

Downey asserts, however, that a "[p]lea of actual innocence can overcome [the] statute of limitations." Dkt. 1 at 15-16. Liberally construing this assertion as invoking the actual-innocence exception recognized in *Perkins*, the Court finds that this exception does not apply. *Perkins* held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." 393 U.S. at 386. "Also known as the 'miscarriage of justice' exception, the actual-innocence exception applies 'when a petitioner can demonstrate that he is actually innocent of the crime of conviction.'" *Pacheco v. Habti*, 62 F.4th 1233, 1241 (10th Cir. 2023) (quoting *Taylor v. Powell*, 7 F.4th 920, 926 (10th Cir. 2021)), *cert. denied*, 143 S. Ct. 2672 (2023). Downey pleaded guilty to one count of first-degree manslaughter. He offers no facts in the petition to suggest, much less to support a credible showing, that he did not commit this crime. Rather, his sole claim in the petition is that the State lacked jurisdiction to prosecute him for this crime because he committed it in Indian country and because he is Native American. Under these circumstances, Downey's claim is one of legal innocence, not factual innocence, and the *Perkins* exception does not apply. *Pacheco*, 62 F.4th at 1244-45 (declining to apply actual-innocence exception under same circumstances and

Case No. 24-cv-158

explaining that the petitioner's "actual-innocence claim is not based on evidence regarding what she did, but on where she did it").

### III

The Court finds and concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the sole claim that Downey asserts in the petition. The Court therefore concludes that Respondent's motion to dismiss shall be granted and that Downey's petition shall be dismissed. The Court further concludes that because noncompliance with the statute of limitations constitutes a plain procedural bar, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that: (1) Downey's motion for judgment on the pleadings [Dkt. 7] is construed as a motion for default judgment and is denied; (2) Respondent's motion to dismiss [Dkt. 5] is granted; (3) the petition [Dkt. 1] is dismissed with prejudice as barred by the applicable statute of limitations; (4) a certificate of appealability is denied; and (5) a separate judgment shall be entered.

DATED this 6th day of February 2025.

JOHN D. RUSSELL
*United States District Judge*